UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CYNTHIA MCCABE, ) | CASE NO. 5:13 CV 1524 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| UNITED STATES POSTAL SERVICE, ) | AND ORDER |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

On July 15, 2013, this case was removed from the Portage County Municipal Court, where Plaintiff *pro se* Cynthia McCabe originally brought the action against the United States Postal Service ("USPS") and John Sigman, a USPS Consumer Research Specialist. Plaintiff voluntarily dismissed her claims against Sigman on December 23, 2013.

Plaintiff alleges in the Complaint that she mailed a candelabrum through the U.S. Mail and purchased USPS insurance to cover damage to the item. She further alleges the candelabrum was broken during delivery, and that a claim she made under the insurance provided by USPS was denied. She now asserts claims in trover and conversion, for breach of contract, and pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971) for violation of her constitutional right to due process of law.

On October 15, 2013, USPS moved to dismiss on the ground the Court lacks jurisdiction because: Plaintiff has not exhausted administrative remedies required to file a Federal Tort Claims Act ("FTCA") claim, the United States has not waived sovereign immunity for claims such as Plaintiff's, and *Bivens* claims may not be brought against the United States. Plaintiff filed a response to the dismissal motion, and thus the jurisdictional issue has been fully briefed and is ripe for decision.

**LAW AND ANALYSIS**

While a *pro se* complaint should be liberally construed in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), the district court is not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996).

The United States, as a sovereign, cannot be sued without its prior consent, and the terms of its consent define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *U.S. v. King*, 395 U.S. 1,4 (1969); *Soriano v. U.S.*, 352 U.S. 270, 276 (1957).

USPS is correct in asserting the United States has not waived its sovereign immunity regarding Plaintiff's claims for damage to the candelabrum. 28 U.S.C. § 2680(b);[1] *see Dolan v. USPS*, 546 U.S. 481, 489 (2006)(Congress intended to retain sovereign immunity for delivery of damaged mail). Further, there is simply no basis for a *Bivens* claim against the United States or its agencies, Plaintiff's arguments to the contrary notwithstanding. *FDIC v. Meyer*, 510 U.S. 471, 485-6 (1994).

Thus, even liberally construing the Complaint in Plaintiff's favor, she has not set forth a claim over which this Court has jurisdiction.

**CONCLUSION**

For the foregoing reasons, this action is dismissed.

    IT IS SO ORDERED.

Date: 2/4/14                          /s/ John R. Adams
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2680(b) provides that FTCA waiver of sovereign immunity does not apply to a "claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matters."